## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **CORPORATE LAKES PROPERTY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **Div. No.** |
| **RAPHAEL & ASSOCIATES,** | ) | **K.S.A. Chapter 60** |
| **AMGUARD INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PETITION</u>

COMES NOW Plaintiff Corporate Lakes Property, LLC, by and through their undersigned counsel, hereby claim and demand judgment against Defendants Raphael & Associates and AmGUARD Insurance Company, and in support thereof as follows:

## <u>PARTIES</u>

1.     Plaintiff Corporate Lakes Property, LLC, is a limited liability company organized under the laws of the State of Kansas, with its principal place of business at 6710 W 121st Street, Overland Park, KS 66209.

2.     Defendant Raphael & Associates, Inc. is a foreign New York limited liability company and Third Party Administrator / Independent Claims Adjusting company with its principal place of business at 301 Route 17 North, Suite 401, Rutherford, NJ 07070 and its registered agent listed as "The LLC" at 335 Central Avenue, Lawrence, NY 11559.  Raphael has not registered with the State of Kansas and may be served via the Kansas Secretary of State pursuant to K.S.A. 60-304(f).

3.     Defendant AmGUARD Insurance Company is located in Wilkes Barre, PA and its principal place of business at 16 S River Street, Wilkes Barre, PA 18702-2430.  Defendant AmGUARD Insurance Company, is an owned subsidiary of WestGUARD Insurance Company,

operates under the trade name Berkshire Hathaway GUARD Insurance Companies. Defendant AmGuard Insurance Company may be served via the Kansas Commissioner of Insurance.

## JURISDICTION AND VENUE

4.    Subject matter jurisdiction is vested with this Court as the court of general jurisdiction over civil matters, pursuant to K.S.A. § 20-301. Defendants are subject to service of process and to the exercise of personal jurisdiction herein for the reasons that, *inter alia*:

> a.  Defendants have transacted business in the state of Kansas within the meaning of K.S.A. § 60-308(b)(A), out of which the claims of Plaintiff arise;
>
> b.  Defendants have committed tortious acts in the state of Kansas within the meaning of K.S.A. § 60-308(b)(B) for the reason that the breaches, misrepresentations, and other tortious acts or practices which are the subject of Plaintiff's claims have, were expected to have, were intended by Defendants to have and have had, in fact, the effect of injuring Plaintiff in the state of Kansas;
>
> c.  Defendants have contracted to insure property in Kansas and/or entered into an express or implied contract with Plaintiff to be performed in Kansas.

5.    Venue is proper in the District Court of Johnson County, Kansas, under Chapter 60, Article 6 of the Kansas Statutes, in that Plaintiff's causes of action arose in Johnson County, Kansas and because the property at issue is located in Johnson County, Kansas.

## ALLEGATIONS COMMON TO ALL COUNTS

6.    Plaintiff owns a building located at 6710 W. 121st St., Leawood, Kansas. The building and land are referred to herein as the "Property".

7.    The Property is insured under an all risk insurance policy, No. COBP108129 (the "Policy") issued by AmGUARD, in which Plaintiff is the named insured.

8.    The Policy provides coverage for all risks of direct physical loss of or damage to the Property, including loss resulting from water damage.

9.      Pursuant to Endorsement No. 2 of the Policy, the applicable water deductible for the Loss was amended to 1% per unit of insurance.

10.     On or about November 25, 2020, the Property sustained significant direct physical damage as a result of water intrusion (the "Loss").

11.     As a result of the Loss, the Plaintiff sustained covered losses in excess of $300,000 including covered repair costs, which greatly exceeds the 1/% deductible applicable to the Loss.

12.     Plaintiff timely made a claim for coverage for the Loss under the Policy through Defendant Raphael & Associates which was acknowledged by Defendant AmGUARD.

13.     Plaintiff's claim for the Loss stems from an accidental discharge of water from a water line servicing, or near, the Property.

14.     Defendant Raphael & Associates acted as AmGUARD's agent and representative in adjusting this claim and had actual, or apparent, authority to act on behalf of AmGUARD.  At all times relevant to this dispute, AmGUARD acted by and through Defendant Raphael & Associates.

15.     Defendant Raphael & Associates determined that the water line broke and water came to the ground surface, washed out a path, traveled about six feet, and entered the Property through a window on the lower level and damaged the entire lower level of the Property.

16.     AmGUARD agreed that "[w]ater from the supply line escaped through to the ground then across the ground to the window well which then filled up by several feet, causing the window to fail."

17.     Defendant Raphael & Associates' adjuster, Robert Linsin, made an independent finding that the Loss was covered.  At all relevant times, Robert Linsin acted as the agent and/or employee of Raphael & Associates.

18.    Linsin, who was already involved with the building at the time of the Loss regarding an earlier claim, announced that, he would manage both claims at one time.

19.    Linsin set in place a process that all bids for work would have to be approved by him and he proceeded to negotiate with potential contractors, including picking those who would perform the work, to make sure the work was performed and paid for under the policy.

20.    Linsin then personally directed the work during construction, oftentimes providing direction that was contrary to the wishes of Plaintiff.

21.    When it was time for payment and the final reconciliation of the Loss, Linsin became non-responsive, including refusing to answer telephone calls.  At the same time, Defendants issued a denial of benefits letter.  This occurred after Linsin had already approved and directed the repair work.

22.    AmGUARD has never fully reimbursed Plaintiff for its covered losses as a result of either claim.

23.    Plaintiff objected to the denial of the Loss and requested reconsideration. Defendant Raphael & Associates reaffirmed AmGUARD's denial on August 23, 2021, which was premised on the following exclusion:

g. Water
(1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
(2) Mudslide or mudflow;

(3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

(4) Water under the ground surface pressing on, or flowing or seeping through;

(a) Foundations, walls, floors or paved surfaces;

(b) Basements, whether paved or not; or

(c) Doors, windows or other openings; or

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

(5) Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4), or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

24.    Plaintiff again requested that the claim be reconsidered and provided significant legal authority that coverage exists for the Loss under the Policy.  In response, Defendant Raphael & Associates informed the Plaintiff that Defendant Raphael & Associates believed that the claim should be accepted, and that the insurer was reconsidering the claim, and would accept the claim upon submission of the video of the water intrusion and providing certain additional information.

25.    All requested information was provided by the Plaintiff to Rafael & Associates and AmGUARD.

26.    Subsequently, Defendants failed to respond to Plaintiff's repeated requests for information regarding the status of the claim or to confirm coverage consistent with its prior representations.

## <u>COUNT I – BREACH OF CONTRACT</u>

27.    Plaintiff hereby incorporates by reference their allegations in Paragraphs 1 through 26 as though fully set forth herein.

28.    Plaintiff is the named insured under the Policy issued by Defendants.

29.    Plaintiff has paid significant premiums in consideration for the Policy.  All required premiums have been paid by Plaintiff and, therefore, Plaintiff has performed all of its obligations pursuant to the Policy.

30.     Plaintiff has complied and/or substantially complied with all conditions precedent to coverage or, alternatively, Defendants and the insurers have waived any compliance with conditions precedent to coverage and/or have suffered no prejudice related to the Loss.

31.     The Loss is covered under the Policy.  No exclusion in the Policy applies to bar coverage for the Loss.

32.     Despite Plaintiff's demand for coverage for the Loss under the terms of the Policy, Defendants have breached their coverage obligations thereunder.

33.     Defendants' denial of coverage for the Loss under the Policy constitutes a breach of contract.

34.     Plaintiff has incurred, and continue to incur, significant expense as a direct and proximate result of Defendants' refusal to fulfill their contractual obligations set forth in the Policy in connection with the Loss.

35.     Consequently, Defendants' breach has directly and proximately resulted in, and will continue to result in, damage to Plaintiff.

36.     Defendants' refusal to pay the full amount of Plaintiff's loss and comply with their Policy's contractual obligations is without just cause or excuse, thereby entitling Plaintiff to attorney's fees and costs pursuant to K.S.A. § 40-256.

37.     Additionally, Plaintiff is entitled to recover their reasonable attorney's fees pursuant to K.S.A. § 40-908.

**WHEREFORE**, Plaintiff, Corporate Lakes Property, LLC, respectfully demands judgement in its favor and against defendants Raphael & Associates and AmGUARD Insurance Company for compensatory damages in a sum as is fair and reasonable, prejudgment and post-

judgment interest, costs incurred herein, attorney's fees pursuant to K.S.A. § 40-256 and/or K.S.A. § 40-908, and for such other relief as the Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

38.     Plaintiff hereby incorporates by reference their allegations in Paragraphs 1 through 37 as though fully set forth herein.

39.     Plaintiff submitted its claim for coverage for the Loss under the Policy to Defendants.

40.     Defendants have wrongfully denied coverage on the basis of an inapplicable "Water" exclusion provision.

41.     The Loss is covered under the Policy.  The "Water" exclusion provision in the Policy is not applicable to this claim.

42.     Pursuant to K.S.A. § 60-1701 *et seq*., Plaintiff seeks a declaration from the Court regarding the parties' rights and obligations with respect to coverage for Plaintiff's claim under the Policy as a result of the Loss.

43.     Therefore, an actual justiciable controversy exists between the parties and resolution of the matters raised in this action will dispose of coverage issues related to the subject Policy.

**WHEREFORE**, Plaintiff Corporate Lakes Property, LLC, respectfully requests that this Court enter Judgment in its favor and against Defendants AmGUARD Insurance Company and Raphael & Associates as follows:

a.   declaring that the Policy provides coverage for the Loss;

b.   declaring that the "Water" exclusion provision does not exclude coverage for the Loss under the Policy; and

c.   granting Plaintiff such further relief as this Court deems just and proper.

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

## COUNT III – NEGLIGENT MISREPRESENTATION

44.    Plaintiff hereby incorporates by reference their allegations in Paragraphs 1 through 43 as though fully set forth herein.

45.    Defendant Raphael & Associates, by and through its employees and/or agents, including Robert Linsin and others, represented to Plaintiff that the Loss was covered, that certain repairs to the Property were necessary, and that certain expenses related to repairs to the Property would be covered.

46.    Defendant Raphael & Associates failed to act with reasonable care in making representations regarding coverage related to the Loss and the scope and management of repairs related to the Property.

47.    Defendant Raphael & Associates intended that Plaintiff would rely on the information it provided Plaintiff regarding the Loss and the Property, including representations that the Loss would be covered and representations work Defendant Raphael & Associates instructed contractors to perform on the Property would be covered.

48.    Plaintiff relied on the representations of Raphael & Associates related to the Property, repairs made thereto, and the Loss and such reliance was justified under the circumstances.

49.    As a direct and proximate result thereof, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, Corporate Lakes Property, LLC, respectfully demand judgement in its favor and against defendants Raphael & Associates and AmGUARD Insurance Company for compensatory damages in a sum as is fair and reasonable, prejudgment and post-judgment interest, costs incurred herein, attorney's fees pursuant to K.S.A. § 40-256 and/or K.S.A. § 40-908, and for such other relief as the Court deems just and proper.

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all triable issues.

Dated: March 30, 2022

Respectfully Submitted,

MCDOWELL, RICE, SMITH & BUCHANAN, P.C.

By: */s/ Jason L. Buchanan*
Jason L. Buchanan, KS #20815
605 W. 47th St., Ste. 350
Kansas City, MO  64112
Tel: (816) 753-5400
Facsimile: 816-753-9996
jb@mcdowellrice.com

**ATTORNEY FOR PLAINTIFF CORPORATE LAKES PROPERTY, LLC**

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

22CV01474
Div6

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| **CORPORATE LAKES PROPERTY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **Div. No.** |
| **RAPHAEL & ASSOCIATES,** | ) | **K.S.A. Chapter 60** |
| **AMGUARD INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER</u>

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server for service upon Defendants Raphael & Associates and AmGUARD Insurance Company, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | Zackery Hayes PPS22-0033 | Michael Noble PPS22-0196 |
| Sallie Bailey PPS22-0003 | Stephen Heitz PPS22-0035 | Greg Noll PPS22-0068 |
| Carl Barnett PPS22-0254 | Bridgette Hight PPS22-0293 | Tory Owens PPS22-0071 |
| Thomas Bogue PPS22-0118 | Wendy Hilgenberg PPS22-0037 | Bob Peters PPS22-0327 |
| Matthew Bohrer PPS22-0258 | James Hise PPS22-0294 | Carrie Pfeifer PPS22-0203 |
| Arthur Boyer PPS22-0006 | Tawanda Johnson PPS22-0166 | Craig Poese PPS22-0073 |
| Scott Brady PPS22-0008 | Patrick Jones PPS22-0167 | Anthony Powell PPS22-0329 |
| Nicholas Bull PPS22-0011 | Chelsea Ketron PPS22-0044 | Dee Powell PPS22-0075 |
| Gary Burt PPS22-0012 | Leisa Ketron PPS22-0045 | Samantha Powell PPS22-0076 |
| Bobby Calvert PPS22-0124 | Brent Kirkhart PPS22-0046 | William Powell PPS22-0077 |
| Carolyn Champlin PPS22-0013 | Janice Kirkhart PPS22-0047 | Kim Presler PPS22-0078 |
| Michael Conklin PPS22-0267 | Tyler Kirkhart PPS22-0048 | Mark Rauss PPS22-0082 |
| Lisa Corbett PPS22-0269 | Cody Kyser PPS22-0049 | Jorge A Rivera PPS22-0214 |
| Norman Diggs PPS22-0274 | Raymond Land PPS22-0303 | Jason Rodgers PPS22-0088 |
| Edwina Ditmore PPS22-0275 | Frank Lundien PPS22-0055 | Richard Roth PPS22-0091 |
| Andrew Downs PPS22-0016 | Chad Maier PPS22-0312 | Kathy Rulo PPS22-0338 |
| Chris Drummond PPS22-0017 | Lyle Malcom PPS220-0313 | Edna Russell PPS22-0093 |
| William Ferrell PPS22-0022 | Kenneth Marshall PPS22-0057 | Brenda Schiwitz PPS22-0094 |
| Robert Finley PPS22-0023 | Michael Meador PPS22-0060 | Dylan Schneider PPS22-0340 |
| Dana Fortner PPS22-0286 | Maria Meier PPS22-0315 | Mark Schneider PPS22-0341 |
| John Frago PPS22-0026 | Heather Merfen PPS22-0061 | Westley Seifert PPS22-0220 |
| Brad Gordon PPS22-0144 | Ashlyn Miller PPS22-0560 | Thomas Skinner PPS22-0224 |
| Tom Gorgone PPS22-0145 | Matthew Millhollin PPS22-0062 | Richard Skyles PPS22-0095 |
| Charles Gunning PPS22-0028 | Jason Moody PPS22-0065 | Anthony Spada PPS22-0228 |
| James Hannah PPS22-0030 | Jeremy Nicholas PPS22-0194 | Randy Stone PPS22-0229 |
| Rufus Harmon PPS22-0031 | | Carrie Stroup PPS22-0350 |
| | | Robert Torrey PPS22-0355 |

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

| | | |
|---|---|---|
| Lucas Traugott PPS22-0356 | Andrew Wheeler PPS22-0103 | Allen Yoder PPS22-0366 |
| Daniel Wagner PPS22-0099 | Andrew Wickliffe PPS22-0104 | Rod Yoder PPS22-0367 |
| Kenneth Wallace PPS22-0100 | Gregory Willing PPS22-0105 | Stan Yoder PPS22-0368 |
| Ryan Weekley PPS22-0101 | Conni Wilson PPS22-0107 | Greg Zotta PPS22-0110 |

Who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

**By:**_____

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    /s/ MELISSA MERCER
Dated: 03/30/22
_____
Judge or Clerk

*Clerk of the District Court, Johnson County Kansas*
*03/30/22  11:41am MM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CORPORATE LAKES PROPERTY, LLC
                        Plaintiff                           Case No: 22CV01474
            vs                                              Division:   6
                                                            K.S.A. Chapter 60
RAPHAEL & ASSOCIATES
                        Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS, PETITION and ORDER in this action for AMGUARD INSURANCE
COMPANY whose address for service is:

        1300
        TOPEKA, KS 66604


Service by an authorized process server.


SERVICE PURSUANT TO KSA 40-218


                        By: /s/ JASON L BUCHANAN
                        JASON L BUCHANAN, #20815
                        605 WEST 47TH STREET, STE 350
                        KANSAS CITY, MO 64112
                        816-753-5400

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CORPORATE LAKES PROPERTY, LLC
                    Plaintiff                          Case No: 22CV01474
            vs                                         Division:   6
                                                       K.S.A. Chapter 60
RAPHAEL & ASSOCIATES
                    Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS, PETITION and ORDER in this action for RAPHAEL & ASSOCIATES
whose address for service is:

        120
        TOPEKA, KS 66612


Service by an authorized process server.


SERVICE PURSUANT TO KSA 60-304(F)



                        By: /s/ JASON L BUCHANAN
                        JASON L BUCHANAN, #20815
                        605 WEST 47TH STREET, STE 350
                        KANSAS CITY, MO 64112
                        816-753-5400

22CV01474
Div6

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| CORPORATE LAKES PROPERTY, LLC | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** |
| | ) | **Div. No.** |
| RAPHAEL & ASSOCIATES, | ) | **K.S.A. Chapter 60** |
| AMGUARD INSURANCE COMPANY | ) | |
| | ) | |
| **Defendants.** | ) | |

## REQUEST FOR SUMMONS

TO: Clerk of the Court

Please issue a SUMMONS and PETITION for Defendant AmGUARD Insurance Company,

to be served pursuant to KSA 40-218 through Vicki Schmidt, the Kansas Commissioner of Insurance,

whose address for service is:

Vicki Schmidt
Kansas Commissioner of Insurance
1300 SW Arrowhead Road
Topeka, KS 66604.

Service will be effected through D&B Process Servers.

Respectfully Submitted,

MCDOWELL, RICE, SMITH & BUCHANAN,
P.C.

By: */s/ Jason L. Buchanan*
Jason L. Buchanan, KS #20815
605 W. 47th St., Ste. 350
Kansas City, MO 64112
Tel: (816) 753-5400
Facsimile: 816-753-9996
jb@mcdowellrice.com

**ATTORNEY FOR PLAINTIFF CORPORATE
LAKES PROPERTY, LLC**

1          *Clerk of the District Court, Johnson County Kansas*
           *03/31/22 09:41am HS*

22CV01474
Div6

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| CORPORATE LAKES PROPERTY, LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. |
| | )     Div. No. |
| RAPHAEL & ASSOCIATES, | )     K.S.A. Chapter 60 |
| AMGUARD INSURANCE COMPANY | ) |
| | ) |
|     Defendants. | ) |

## REQUEST FOR SUMMONS

TO: Clerk of the Court

Please issue a SUMMONS and PETITION for Defendant Raphael & Associates, to be served

as a non-registered foreign entity pursuant to KSA 60-304(f) through the Kansas Secretary of State,

whose address for service is:

Scott Schwab, Kansas Secretary of State
Memorial Hall, 1st Floor
120 SW 10th Avenue
Topeka, KS 66612.

Service will be effected through D&B Process Servers.

Respectfully Submitted,

MCDOWELL, RICE, SMITH & BUCHANAN,
P.C.

By: /s/ Jason L. Buchanan
Jason L. Buchanan, KS #20815
605 W. 47th St., Ste. 350
Kansas City, MO 64112
Tel: (816) 753-5400
Facsimile: 816-753-9996
jb@mcdowellrice.com

**ATTORNEY FOR PLAINTIFF CORPORATE
LAKES PROPERTY, LLC**

1

*Clerk of the District Court, Johnson County Kansas
03/31/22 09:41am HS*

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Corporate Lakes Property, LLC

Plaintiff

VS.

Amguard Insurance Company

Defendant

Case No. 22CV01474

District Court
Johnson County
Olathe, Kansas

     I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on April 12, 2022, I received the Summons and Petition in the above captioned case.

     Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Amguard Insurance Company
Attn: Matthew O'Connor
39 Public Square
Wilkes-Barre, PA 18701

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 12th day of April, 2022.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

COURT CLERK-JOCO,KS
APR 15 '22 PM 4:15

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CORPORATE LAKES PROPERTY, LLC
Plaintiff

vs

AMGUARD INSURANCE COMPANY
Defendant

Case No: 22CV01474
Division:   6
K.S.A. Chapter 60

### SUMMONS

To the above-named defendant:

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court.
You are required to file your answer to the petition with the court and to serve a copy upon the
plaintiff's attorney, as follows:

        Name:    JASON L BUCHANAN
        Address: 605 WEST 47TH STREET, STE 350
                 KANSAS CITY, MO 64112
        Phone:   (816) 753-5400

Within 40 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the
attached petition, which is incorporated herein by reference. Any related claim which you may have
against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred
from making such claim in any other action.



                                        /s/ Jennie Leach
                                        Clerk of the District Court

Dated:   March 30, 2022

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061